# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2021

Lyle W. Cayce
Clerk

No. 20-50145
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NOE MARTINEZ-NINO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:18-CR-2096-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:[*]

Noe Martinez-Nino appeals his within-guidelines 70-month concurrent sentences for one count of conspiracy to transport an illegal alien and two counts of transporting an illegal alien for financial gain. Martinez-

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50145

Nino challenges the district court's application of sentencing enhancements under U.S.S.G. § 2L1.1(b)(6) and U.S.S.G. § 2L1.1(b)(7)(D).

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "The government must prove sentencing enhancements by a preponderance of the evidence." *United States v. Juarez*, 626 F.3d 246, 251 (5th Cir.2010).

Regarding the two-level § 2L1.1(b)(6) enhancement for intentionally or recklessly creating a substantial risk of death or serious bodily injury, Martinez-Nino argues that the preponderance of the evidence in the presentence report (PSR) did not support this enhancement. He contends that there is no per se rule that traveling through the brush creates a substantial risk of death or serious bodily injury and that there were no details in the PSR regarding Martinez-Nino's role as a guide.

Contrary to Martinez-Nino's assertion, the PSR, which was adopted by the district court, and the signed stipulation of facts set forth specific facts supporting the enhancement. *Cf. United States v. Mateo Garza*, 541 F.3d 290, 294 (5th Cir. 2008). The preponderance of the evidence supported the enhancement, and the district court did not err in finding that the conduct of leaving injured and ill aliens in the brush and of engaging in a high-speed chase supported an enhancement under § 2L1.1(b)(6). *See* § 2L1.1, comment. (n.3); *Cisneros-Gutierrez*, 517 F.3d at 764.

With respect to the 10-level enhancement under § 2L1.1(b)(7)(D) for an offense resulting in death, Martinez-Nino argues that the district court made conflicting statements regarding causation and contends that his conduct was not the but-for cause of death. For the enhancement to apply, "the defendant's conduct must simply be the but-for cause of the death, not its proximate cause." *United States v. Salinas*, 918 F.3d 463, 466 (5th Cir.

No. 20-50145

2019) (discussing the holding in *United States v. Ramos-Delgado*, 763 F.3d 398, 401 (5th Cir. 2014)).

Although the district court initially made statements doubting the appropriate causation standard, the court ultimately found that Martinez-Nino's conduct was the but-for cause of death. While there was evidence that pills and water consumption from a stock tank may be a but-for cause of the alien's death, Martinez-Nino's conduct in smuggling him into the United States through the brush was also a but-for cause of death. *See Salinas*, 918 F.3d at 466-67. Therefore, the district court did not clearly err in imposing the § 2D1.1(b)(7)(D) enhancement. *See Cisneros-Gutierrez*, 517 F.3d at 764.

The judgment of the district court is AFFIRMED.